MALTONNER and others *vs.* DIMMICK and MITCHELL.

Where the issue as to the plaintiff's possession, under the seventh section of the title of the revised statutes respecting proceedings to compel the determination of claims to real property, in certain cases, (2 *R. S.* 313,) was found in favor of the plaintiff, and the defendant being thereupon required to plead to the title, suffered judgment to be entered against him by default ; it was *held*, that the defendant in said proceedings, and all persons claiming under him, by title accruing subsequent to the service of the notice by which the proceeding was instituted, was forever barred from all claim to any estate of inheritance or freehold in the said premises.

Where a person entered under a contract to purchase, and continued in possession for over thirty years, claiming as owner ; it was *held*, that a deed in fee from the original vendor, or from one succeeding to his rights, might be presumed.

*It seems* that twenty years possession is, in general, sufficient for that purpose.

The prior possession of the ancestor, dying in possession, is sufficient to enable his heir to recover in ejectment, against an *abator*, entering without title, upon the death of such ancestor, without producing a paper title.

MOTION by the defendants for a new trial. The action was ejectment, for lands lying in the county of St. Lawrence. . The

cause was tried at the St. Lawrence circuit in September, 1847, before PARKER, justice.   On the trial, a paper title to the premises in question was shown to be in Philip Kearney, when he, on the 1st of May, 1814, conveyed the same by deed in fee to Margaret Kearney and Susan R. Kearney.   The said Margaret and Susan, on the same day, executed and delivered to Philip Kearney, a full power of attorney, with power of substitution, authorizing him to sell, with warranty, all their lands therein mentioned, and embracing the premises in question. The operative words of the warrant of attorney were " to lease, bargain and sell the same, or any part thereof, and to contract and agree for the lease, bargain and sale of the same, or any part thereof, and for sums of money payable in specie, or other property, as to him shall seem meet, and for us and in our names to execute and deliver good and sufficient deeds and conveyances with warranty," &c.   Under this power of attorney, Philip Kearney, in the name of his principals, on the 24th of May, 1820, sold and conveyed the said premises to Susan Kearney, widow, in fee.   This deed was in the usual form of a full covenant deed, with covenants of warranty, seisin, &c. and expressed the consideration of one dollar.   Susan Kearney, widow, the grantee in the last deed, on the 20th of October, 1818, constituted Philip Kearney her attorney, with power of substitution, " to enter into and take possession of all her lands, &c. in the township of Gouverneur, in the county of St. Lawrence, New-York, to lease, bargain and sell the same, or any part thereof, and to contract and agree for the lease, bargain and sale of the same or any part thereof, and for sum or sums of money or other property, &c. and to execute deed or deeds of the same, with warranty," &c.

Under the foregoing power of attorney, Philip Kearney, in the name of the said Susan, by deed, dated 24th of May, 1820, for the consideration of $760,54, granted, bargained, sold, remised, released, aliened and confirmed the said premises to Albert Maltonner, in fee, with full covenants of warranty and seisin.   All the foregoing deeds and powers of attorney were regularly acknowledged and recorded.   It was shown that

Albert Maltonner, one of the plaintiffs, and grantee in the last mentioned deed, entered in 1810 or 1811 under a contract to purchase the premises in question from Philip Kearney, who then owned the premises. About a year afterwards, George Maltonner entered, under his brother Albert, with an agreement to have ten acres of the premises, if he paid for them. George remained off and on till he died, in 1841. After the death of George, Albert, the plaintiff, was shown to be in possession, exercising acts of ownership over the premises. Albert was the brother and heir at law of George, and therefore lawfully succeeded to him. No interruption to the possession of George Maltonner was shown, except for a few days while he was on the limits; during which time, one Russell entered and erected a log house in a single day, on a corner of the lot. This was 15 or 16 years before the trial, and Maltonner tore down the house when he got out of jail, and resumed the possession, and died there in 1841, or 1842. All that was stated in the bill of exceptions as to Thatcher's claim, and the title of Dimmick, is omitted, because neither party called in question the correctness of the judge's decision in relation thereto. The defendant Mitchell was shown to be in possession at the commencement of the suit. The plaintiff's counsel gave in evidence the record of a judgment in the supreme court, signed July, 1840, between George Maltonner as plaintiff and Philip Kearney defendant, under title two, chapter five, of part three of the revised statutes, "Of proceedings to compel the determination of claims to real property in certain cases," (2 *R. S.* 312,) by which record it appeared that the plaintiff obtained a verdict on the issue as to his own possession, and a judgment by default against Kearney for not pleading, under the seventh section. (2 *R. S.* 314.) This evidence related more particularly to the other branch of the case, which was disposed of at the circuit, and which was not questioned.

It was shown that Albert Maltonner, on receiving the deed of the premises of the 24th of May, 1820, executed back to Susan Kearney, widow, a bond and mortgage of the same date, to secure the entire consideration money. It was shown that

this mortgage was attempted to be foreclosed at law in 1828, and was bid in by Judge Fine, who released to Philip Kearney. It was also shown that an action was brought by Susan Kearney on the bond accompanying the said mortgage, and a recovery had thereon and a satisfaction thereof in full, in 1835. On the foregoing facts the circuit judge charged, as to these parties, in favor of the plaintiff, and the jury found a verdict accordingly. The defendant's counsel excepted to the charge, and filed a bill of exceptions.

*J. L. Russell,* for the plaintiff.

*Myers & Baldwin,* for the defendant Dimmick.

*C. Anthony,* for the defendant Mitchell.

*By the Court,* WILLARD, J. If the defendant seeks to defend himself under Philip Kearney's title, derived under the statute foreclosure of 1828, it may be answered that the correctness of that foreclosure has not been shown; and if correct, that Philip Kearney's title is barred by the statute proceeding between George Maltonner and him in 1840. As Mitchell entered subsequently to that time, he cannot shelter himself under that title. The lapse of time from 1810, when the plaintiff first entered under a contract to purchase from Philip Kearney, is sufficient to warrant a jury to presume a grant either from Philip Kearney or those succeeding to his rights. (*Cowen & Hill's Notes,* 369, § 11.) The deed from Susan Kearney, widow, by Philip, as her attorney, dated May 24th, 1820, may be presumed to be in execution of the original contract of sale from Philip Kearney to the plaintiff, made in 1810 or 1811. As the consideration was paid by giving a bond and mortgage, and as the amount of the bond has been collected by a suit brought upon it, and it was satisfied more than ten years before this suit was commenced, the ratification by Susan Kearney of the deed given in 1820, by Philip as her attorney, may be presumed. Twenty years is long enough to

raise that presumption. (*Id.* 12 *John. Rep.* 357, 362; *and per Walworth, chancellor,* 11 *Wend.* 455.) It is therefore immaterial to inquire whether the power of attorney from Susan Kearney, of the 20th of October, 1818, extended to lands acquired by her subsequent to the date of the power.

Again, Mitchell was put in possession by Dimmick, after the death of George Maltonner, in 1841. Dimmick acted as Philip Kearney's agent, and in that character first put one Parmenter in possession under a lease for one year. And he afterwards induced Parmenter to leave because he talked too much, and put in the defendant Mitchell. Now as the plaintiff succeeds to the rights of George Maltonner as his heir, and as Mitchell went in under Philip Kearney in 1841, the plaintiff can rely on the judgment of the supreme court obtained in 1840, by George Maltonner, against Philip Kearney. That judgment, by the statute, (2 *R. S.* 317, §§ 7, 8,) is conclusive against Philip Kearney and all persons claiming under him, by title accruing subsequently to the service of the notice, which it appears by the record was in May, 1839. The plaintiff being the heir of George Maltonner, can avail himself of that judgment as a privy in blood. (1 *Phil. Ev.* 324.)

The defendant's counsel insists that Mitchell was in under Archibald K. Kearney, one of the heirs of Susan Kearney, and is thus not affected by the judgment. But it appears that Archibald K. Kearney claimed as assignee of Philip. In that character merely he was barred. And, moreover, the testimony of Dimmick shows that Mitchell went in under Philip.

It is said that Susan Kearney, widow, died seised, in 1828, leaving Archibald K. and Philip her heirs. Philip, then, had as much title by descent as Archibald ; and his title, whatever it was, is barred by the judgment.

The entry of Mitchell, on the death of George, and before the taking possession by the plaintiff as heir of his brother, was an abatement. (3 *P. Wms.* 167.) He shows no authority that can justify the act. A prior possession of the plaintiff was sufficient to enable him to recover against such a possession. Such prior possession was shown. The plaintiff could connect

his possession in 1810 with that of his brother, who succeeded him. The possession of both is, but one continued act; and the benefits resulting from it have devolved on the plaintiff by descent.

It is unnecessary to discuss the question of adverse possession.

I think the cause was correctly decided at the circuit, and that the motion for a new trial should be denied.

Motion denied.

